# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Rudolph Carryl, | ) Civil Action No.: 4:20-cv-04210-JMC |
| Petitioner, | ) |
| v. | ) **ORDER AND OPINION** |
| Warden Stevie M. Knight, | ) |
| Respondent. | ) |

Petitioner Rudolph Carryl filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on March 23, 2021, recommending this Petition be dismissed without prejudice. (ECF No. 25.) The Report concludes the court does not have jurisdiction over Petitioner's claim under § 2241 because he cannot demonstrate that he is entitled to relief under the § 2255 savings clause. (*Id*. at 3.)

For the reasons set forth below, the court **ACCEPTS** the Report (ECF No. 25) and **DISMISSES** Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) without prejudice.

## I.     RELEVANT BACKGROUND

Petitioner was sentenced to a seventy-four (74) month term of imprisonment after he pleaded guilty to securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff.[1] (ECF No. 25 at 2.)

---

[1] Specifically, Petitioner agreed at his sentencing hearing before a Magistrate Judge of the United States District Court for the Western District of North Carolina that:
> 9. . . . in or about January
> 10. of 2015 through at least October 2017, in Mecklenburg County,
> 11. within the Western District of North Carolina, you,
> 12. Mr. Carryl, together with persons known and unknown to the
> 13. grand jury, willfully, directly and indirectly, by use of the
> 14. means and instrumentalities of interstate commerce and the

1

Petitioner expressly waived his rights to appeal his conviction under his plea agreement, along with his right to challenge his conviction through post-conviction proceedings. (*United States v. Carryl*, Crim. No. 3:18-cr-00291-MOC-DCK, ECF No. 70 at 16 (W.D.N.C. Dec. 2, 2019)). Immediately after the sentencing court entered its judgment, Petitioner filed both an appeal with the United States Court of Appeals for the Fourth Circuit (*Carryl*, Crim. No. 3:18-cr-00291-MOC-DCK, ECF No. 59), and a *pro se* motion to vacate under 28 U.S.C. § 2255 (*id*., ECF No. 58)[2]. The Fourth Circuit subsequently dismissed Petitioner's appeal on the ground that it was barred by the

---

15. mails, used and employed manipulative and deceptive devices
16. and contrivances by (a) employing devices, schemes, and
17. artifices to defraud; (b) making untrue statements of material
18. facts and omitting to state material facts necessary in order
19. to make the statements made, in light of the circumstances
20. under which they were made, not misleading; and (c) engaging
21. in acts, practices, and courses of business which operated and
22. would and did operate as a fraud and deceit upon investors and
23. others, in connection with the sale of securities . . .

*United States v. Carryl*, Crim. No. 3:18-cr-00291-MOC-DCK, ECF No. 70 at 5 (W.D.N.C. Dec. 2, 2019). Within his plea colloquy, Petitioner acknowledged that he understood the charges in his plea agreement and the maximum penalty they carried, and that he had consulted with his lawyer regarding his plea. (*Id*. at 7, 10.) He acknowledged he "had the right to plead not guilty, to have a speedy trial before a judge and jury," (*id*. at 9), and that by going to trial, he was waiving that right (*id*. at 10.) He conceded he was guilty of securities fraud (*id*. at 11) and affirmed that he "underst[ood] that the right to appeal [his] conviction and/or [] sentence has been expressly waived in the plea agreement" (*id*. at 16). Petitioner similarly acknowledged that he understood the plea agreement expressly waived his right "to challenge [his] conviction in . . . a post-conviction proceeding." (*Id*.) Based on Petitioner's and his counsel's representations within the colloquy, the court accepted Petitioner's plea after finding it to be "knowingly and voluntarily made" such that Petitioner understood the charges, potential penalties and consequences thereof. (Id. at 18-19.)

[2] Petitioner's first motion to vacate pursuant to § 2255 was dismissed as premature with permission to refile once the Fourth Circuit ruled on the pending appeal. (*Carryl*, Crim. No. 3:18-cr-00291-MOC-DCK, ECF No. 67 at 2.) After his appeal was denied, Petitioner re-filed his motion on August 17, 2020. (*Id*., ECF No. 74.)

knowing and voluntary waiver of appellate rights within his plea agreement. (*Id*., ECF No. 72 at 1.)

On November 2, 2020, the sentencing court denied Petitioner's subsequent motion to vacate under § 2255 after a thorough review of the record. (*Id*., ECF No. 76.) Petitioner alleged his attorney provided ineffective assistance where she (1) "failed to challenge the Government on the key 'in connection with the purchase or sale of a security' statutory requirement that's necessary for a § 10(b) violation and a securities fraud conviction; (2) . . . failed to challenge the Government for not complying with the Private Securities Litigation Reform Act (PSLRA) heightened pleading requirements in not stating 'with particularity and specificity … the circumstances surrounding the alleged securities fraud;' and (3) . . . failed to attack the Government for its introduction of knowingly false evidence 'to the Court and Grand Jury that [Petitioner] 'solicited' the victims for their money through his company (CCM) website.'" (*Id*., ECF No. 76 at 6-7.)  The court emphasized that a defendant's guilty plea functions as a waiver of "all nonjurisdictional defects in the proceedings conducted prior to entry of the plea." (*Id*., ECF No. 76 at 8 (citing *United States v. Moussaoui*, 591 F.3d 263, 279 (4th Cir. 2010)).)  Noting that Petitioner's knowing and voluntary guilty plea "foreclose[d] federal collateral review of prior constitutional violations, including allegations of ineffective assistance of counsel that do not affect the voluntariness of the plea," the court held Petitioner was not entitled to habeas relief. (*Id*.)

Importantly, the court also dismissed Petitioner's claims of actual innocence underlying his ineffective assistance argument.  Petitioner asserted that his "fraudulent conduct did not 'touch' or 'coincide' with a securities transaction as the activity concluded prior to the purchase or sale of any securities," and "while [he] may certainly be guilty of common law fraud, he is not guilty of

3

'securities fraud.'" (*Id.*, ECF No. 76 at 8-9.) Here too, the court noted Petitioner waived this claim, and the associated ineffective assistance argument, through his knowing and voluntary guilty plea. (*Id.*, ECF No. 76 at 9 (citing *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005)).) Petitioner had failed to show "extraordinary circumstances to overcome the sworn testimony that he gave during the plea hearing." (*Id.*)

On December 4, 2020, Petitioner filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 before this court. Petitioner largely reiterates the same arguments here. First, Petitioner repeats that the Government "failed to show a connection between Petitioner's conduct and the purchase or sale of any securities," a required element of the crime of securities fraud. (ECF No. 1 at 6.) Petitioner similarly restates his ineffective assistance of counsel claims, asserting his plea counsel "admitted to poor diligence in researching the statutory elements of the offense" before advising Petitioner to accept the guilty plea. (*Id.*) Finally, Petitioner challenges the four-point investment adviser enhancement to his sentence (*id.*), and alleges the Government knowingly used "false material evidence" in proceedings before the grand jury and the sentencing court (*id.* at 7.)

The Magistrate Judge recommends the court dismiss this Petition without prejudice for lack of jurisdiction and without requiring Respondent to file a return. (ECF No. 25 at 5.) The Report finds Petitioner's claims for relief under §2241 are statutorily barred unless Petitioner can demonstrate they satisfy the "savings clause" of § 2255, which requires that the relief available to a petitioner under § 2255 be "inadequate or ineffective to test the legality of his detention." (*Id.* at 3 (quoting 28 U.S.C § 2255(e)).) The Fourth Circuit has established two §2255 savings clause tests, articulated in *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (challenges to convictions) or *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (challenges to sentences). The

4

Magistrate Judge concluded Petitioner's claims fail under either test, because he cannot point to a retroactively applicable change in the substantive law subsequent to his direct appeal and his first § 2255 Motion.[3] (ECF No. 25 at 4.) Because the savings clause is a jurisdictional provision, the Magistrate Judge concludes that Petitioner's failure to meet each of the factors strips the court's jurisdiction over his § 2241 petition. Under these circumstances, the Magistrate Judge recommends that Petitioner's claims be denied. (*Id.* at 4-5.)

The Report notified Petitioner of his right to object to its findings. (*Id.* at 6.) Petitioner filed an Objection to the Report on March 31, 2021 (ECF No. 29), including two addenda filed in subsequent weeks. (ECF Nos. 31 & 33.)

## II.     LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews *de novo* only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to–including those portions to which only "general and conclusory" objections have been made–for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

---

[3] Indeed, there have been no intervening changes in substantive law since Petitioner was sentenced.

### III. DISCUSSION

#### A. Petitioner's Objections

Petitioner makes several objections to the Magistrate Judge's Report, which rest on his underlying allegation that he is actually innocent of the crime of securities fraud. (ECF No. 29 at 1.) Petitioner rehashes that his conduct did not satisfy the four statutory elements of securities fraud, as it was not connected to "the purchase and sale of a security." Petitioner asserts that his promise "to invest the victim's money in the stock market but then putting the cash to personal use, while d[e]spicable conduct, [] does not violate . . . federal securities law." (*Id*. at 5.) Therefore, Petitioner asserts his claim falls within "the narrow fundamental miscarriage of justice exception" to the procedural default rule, which permits him to file a successive habeas petition under § 2255 and renders the appeal waiver in his plea agreement unenforceable. (ECF No. 31 at 2.)

Petitioner's remaining objections flow from the same allegation. Petitioner reiterates that he received ineffective assistance from his plea counsel who failed to raise the actual innocence argument during the plea proceedings. (*Id*. at 6-7.) Petitioner also believes the sentencing court improperly increased his sentence by applying the four-point investment advisor enhancement despite his actual innocence of the underlying crime of securities fraud. (*Id*. at 8.) Finally, Petitioner argues his claims should fall within the § 2255 savings clause because he believes he was sentenced for conduct which "was deemed to be non-criminal" by the Fourth Circuit and the Supreme Court of the United States. (*Id*. at 9; *see also* ECF No. 33 at 1-4 (citing *S.E.C. v. Zandford*, 238 F.3d 559 (4th Cir. 2001), *rev'd,* 535 U.S. 813 (2002)).)

#### B. The Court's Review

At the outset, the court notes this petition does not fall within the § 2255 savings clause.

The Report correctly notes that habeas petitioners challenging their convictions and sentences must meet the four-factor test expressed in *United States v. Wheeler*, C/A No. 16-6073, 2018 WL 1514418 (4th Cir. March 28, 2018) (published), and establish that (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." (ECF No. 25 at 3-4 (citing *id.* at *10).) The court agrees that Petitioner cannot meet these requirements, because the applicable substantive law has not changed since his conviction. Petitioner's claims do not fall within the savings clause of § 2255, and the court is without jurisdiction to consider the merits of Petitioner's claims. Because Petitioner has already filed a motion to vacate under § 2255, this and any other successive § 2255 motions are foreclosed under 28 U.S.C. §§ 2255(e) and (h).

Even if the court considered Petitioner's arguments on their merits however, it would still be bound to deny his claim for habeas relief. Because Petitioner's actual innocence argument forecloses relief under the "fundamental miscarriage of justice" exception to the procedural default rule, the court addresses it in turn.

"To ensure that the fundamental miscarriage of justice exception would remain "rare" and would only be applied in the "extraordinary case," while at the same time ensuring that the exception would extend relief to those who were truly deserving," the Supreme Court "explicitly tied the miscarriage of justice exception to the petitioner's innocence." *Schlup v. Delo*, 513 U.S. 298, 321 (1995). This is an extraordinary avenue of relief, and "habeas corpus petitions that

7

advance a substantial claim of actual innocence" remain extremely rare. *Id.* Moreover, "the mere misapplication of [sentencing] guidelines typically does not constitute a miscarriage of justice" in the Fourth Circuit. *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999).

The court finds Petitioner's actual innocence claim is without force. Because Petitioner entered a knowing and voluntary guilty plea and made a "sworn admission of guilt at his plea hearing, he must bear a particularly heavy burden in any attempt to assert a fundamental miscarriage of justice or actual innocence argument." *Burr v. United States*, C/A No. 4:04-cr-00917-RBH, 2010 WL 11674099, at *7 (D.S.C. July 13, 2010) (citing *United States v. Ubakanma*, 215 F.3d 421, 424-25 (4th Cir. 2000)). In other words, where a defendant has pleaded guilty and has failed to credibly refute that the guilty plea was knowing and voluntary, his claims of actual innocence must also fail.

Here, Petitioner acknowledged the facts underlying his indictment under oath, (see, e.g., *Carryl*, Crim. No. 3:18-cr-00291-MOC-DCK, ECF No. 70 at 15), and agreed to the terms of the plea agreement before the court (*id.*). During his plea colloquy, the sentencing judge deliberately asked whether Petitioner had read and understood the factual basis of his indictment. (*Id.*, ECF No. 70 at 17.) Petitioner affirmed he had not been threatened, intimidated, or forced" to enter into the plea agreement." (*Id.*) And he stated he was satisfied with the services of his attorney. (*Id.*) Based upon the responses and the evidence upon the record, the court also that found Petitioner's plea was "supported by an independent basis in fact." (*Id.*, ECF No. 70 at 19.)

The thorough and comprehensive plea colloquy in this case, and the clear answers provided by Petitioner himself create a difficult threshold to overcome. In light of Petitioner's admission of guilt during his plea colloquy, the court is not persuaded by his claims for innocence. Moreover, the sentencing court already reviewed and rejected Petitioner's reiterated innocence claims, albeit

in the context of his ineffective assistance of counsel arguments, within his second motion to vacate under § 2255. (*Carryl*, Crim. No. 3:18-cr-00291-MOC-DCK, ECF No. 76 at 8-9.) Petitioner is not entitled to a second bite at the apple by reanimating identical claims under a different habeas statute.

Further, the court notes the evidence within Petitioner's grand jury indictment supports Petitioner's guilty plea. (*Id*., ECF No. 3 at 1.) Petitioner owned and operated an investment management firm, Carryl Capital Management (CCM), and held himself out to be an investment advisor. (*Id*.) He maintained a detailed website and advertised his record of achieving long-term returns for clients. (*Id*.) Petitioner induced a childhood friend and another couple, a retired United States Air Force veteran and his wife, to invest over $400,000 in cumulative savings into his purported fund. (*Id*.) He devised an intricate charade regarding the fund's performance all while he dissipated his victims' investments. (*Id*., ECF No. 3 at 2.) Throughout this time, Petitioner continued to make false statements about stock purchases and the performance of his victims' investments. (*Id*., ECF No. 3 at 3.) He provided investment advice by answering questions about individual stocks. (*Id*.) Petitioner conceded these facts during his plea colloquy. (*Id*., ECF No. 70 at 11.) Neither he, nor his plea counsel objected to the facts at issue. And even now, Petitioner admits the underlying conduct, but complains his actions merely amounted to "common law fraud that happens to involve securities" rather than federal securities fraud. (ECF No. 58 at 2.)

In support, Petitioner cites *S.E.C. v. Zandford*, 238 F.3d 559 (4th Cir. 2001), *rev'd* 535 U.S. 813 (2002), where the Fourth Circuit held that the statutory requirement that fraudulent actions to be "in connection with" securities transactions ought to be narrowly construed. Under this interpretation, for "alleged fraud [to be] sufficiently connected to a securities transaction," "the fraud must have been integral to the [] purchase or sale of a security." *Id.* at 565. Thus, where a

9

defendant "absconded with the proceeds of the sales," and the sales themselves were conducted in routine and customary fashion, he would merely be guilty of "actionable state law fraud" rather than a violation of federal securities law. *Id*. at 564. This case, however, is no longer good law. On *certiorari* review, the Supreme Court explicitly overruled the Fourth Circuit's holding and called into question the underlying interpretation of what constitutes fraud "in connection with" securities transactions. Notably, the Court emphasized that "[w]hile the statute must not be construed so broadly as to convert every common-law fraud that happens to involve securities into a violation of § 10(b), neither the SEC nor this Court has ever held that there must be a misrepresentation about the value of a particular security in order to run afoul of the Act." *S.E.C. v. Zandford*, 535 U.S. 813, 820 (2002) (internal citations omitted.) The Court affirmed the S.E.C.'s broad interpretation of the statute which extended to the conduct of "a broker who accepts payment for securities that he never intends to deliver, or who sells customer securities with the intent to misappropriate the proceeds." *Id*. at 819. The critical issue was whether the "fraud coincided with the sales themselves." *Id*. As applied to Petitioner's case, then, the court must ask whether Petitioner's fraud coincided with his acceptance of payment for securities "he never intended to deliver." *Id.*

Petitioner's indictment suggests that it did. Here, Petitioner admitted he operated a purported investment fund. He admitted he made false promises to purchase specific shares and deliver gains to his investors. He admitted he corresponded with the same investors regarding the status of their portfolios. He admitted he created and emailed fraudulent performance reports in response to their requests for information. The connection between Petitioner's deception and his acceptance of investor funds is evident on these facts, which Petitioner did not challenge during his plea hearing, and does not challenge today. Thus, Petitioner has failed to demonstrate that he

is entitled to the extraordinary remedy he seeks. Because Petitioner cannot show that his claims fall within the narrow and extraordinary "fundamental miscarriage of justice" exception for defendants actually innocent of the charged offenses, his claims are subject to the procedural bar on successive habeas petitions under § 2255(h). And, as discussed above, Petitioner cannot demonstrate that his claims fall within the § 2255(e) savings clause. Finding no clear error on the face of the record, the court therefore denies Petitioner's Objection (ECF No. 29).

## IV.     CONCLUSION

For the reasons set forth above, the court **ACCEPTS** the Report and Recommendation (ECF No. 25) and **DISMISSES** Petitioner's Petition for a Writ of Habeas Corpus pursuant to § 2241 (ECF No. 1) without prejudice.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 536 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **DECLINES** to grant a certificate of appealability.

IT IS SO ORDERED.

*J. Michelle Childs*

United States District Judge

December 17, 2021
Columbia, South Carolina